# Exhibit A

CAUSE NO. DC-17-04686

| | | |
|---|---|---|
| **WILLIE GILLESPIE,** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § | |
| | § | |
| *v.* | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **GREATWIDE DALLAS MAVIS, LLC,** | § | |
| **and VICTOR SOLANO,** | § | |
| *Defendants.* | § | **134TH JUDICIAL DISTRICT** |

### INDEX OF STATE COURT FILE

| Exhibit | FILED | DOCUMENT |
|---------|-------|----------|
| A | | State Court File |
| A-1 | | Case Information Sheet |
| A-2 | 04/21/17 | Plaintiff's Original Petition |
| A-3 | 04/21/17 | Civil Process Request |
| A-4 | 04/21/17 | Citation as to Greatwide Dallas Mavis, LLC |
| A-5 | 04/21/17 | Citation as to Victor Solano |
| A-6 | 05/25/17 | Affidavit of Service – Victor Solano |
| A-7 | 06/12/17 | Defendant Greatwide Dallas Mavis, LLC's Original Answer to Plaintiff's Original Petition |
| A-8 | 06/12/17 | Defendant Victor Solano's Original Answer to Plaintiff's Original Petition |
| A-9 | 06/13/17 | Uniform Scheduling Order |
| A-10 | 06/15/17 | Affidavit of Service – Greatwide Dallas Mavis, LLC |
| A-11 | 06/17/17 | Jury Trial Notice |

# Exhibit A-1

## Case Information

DC-17-04686 | WILLIE GILLESPIE vs. VICTOR SOLANO, et al

Case Number
DC-17-04686

Court
134th District Court

File Date
04/21/2017

Case Type
MOTOR VEHICLE ACCIDENT

Case Status
OPEN

## Party

PLAINTIFF
GILLESPIE, WILLIE

Active Attorneys ▼
Lead Attorney
ARNOLD, KURT B.
Retained

Work Phone
713-222-3800

Fax Phone
713-222-3850

DEFENDANT
SOLANO, VICTOR

Address
6884 SCOTIA CT
INDIANAPOLIS IN 46254

Active Attorneys ▼
Attorney
SARGENT, DAVID LYNN
Retained

Work Phone
214-749-6516

Fax Phone

214-749-6316

Lead Attorney
GORBACH, LINDSAY E.
Retained

Work Phone
214-749-6513

Fax Phone
214-749-6313

DEFENDANT
GREATWIDE DALLAS MAVIS LLC

Address
BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

Active Attorneys ▼
Attorney
SARGENT, DAVID LYNN
Retained

Work Phone
214-749-6516

Fax Phone
214-749-6316

Lead Attorney
GORBACH, LINDSAY E.
Retained

Work Phone
214-749-6513

Fax Phone
214-749-6313

## Events and Hearings

04/21/2017 NEW CASE FILED (OCA) - CIVIL

04/21/2017 ORIGINAL PETITION ▼

Plaintiff's Original Petition - 04.21.2017.pdf

Civil Case Information Sheet.pdf

Civil Process Request.pdf

Fedex Label-Courthouse to A&L.pdf

04/21/2017 ISSUE CITATION ▼

ISSUE CITATION

ISSUE CITATION

04/21/2017 JURY DEMAND

04/25/2017 CITATION ▼

Anticipated Server
MAIL

Anticipated Method
Actual Server
OUT OF STATE

Returned
06/06/2017
Anticipated Server
MAIL

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
06/15/2017
Comment
MAIL ATTY KK

06/06/2017 RETURN OF SERVICE ▼

Victor Solano.pdf

    Comment
    AFFIDAVIT OF SERVICE - VICTOR SOLANO EXEC 5/22/17

06/12/2017 ORIGINAL ANSWER - GENERAL DENIAL ▼

Gillespie answer.pdf

    Comment
    TO PLAINTIFF'S ORIGINAL PETITION

06/12/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT VICTOR SOLANO'S ORIGINAL ANSWER TO PLAINTIFF'S ORI

Comment
TO PLAINTIFF'S ORIGINAL PETITION

06/13/2017 SCHEDULING ORDER ▾

SCHEDULING ORDER

06/15/2017 RETURN OF SERVICE ▾

Greatwide Dallas.pdf

Comment
AFFIDAVIT OF SERVICE TO GREATWIDE DALLAS MAVIS LLC

06/26/2017 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
TILLERY, DALE

Hearing Time
10:00 AM

Cancel Reason
BY COURT ADMINISTRATOR

03/26/2018 Jury Trial - Civil ▾

134th Trial Notice Letters

134th Trial Notice Letters

Judicial Officer
TILLERY, DALE

Hearing Time
9:00 AM

## Financial

GILLESPIE, WILLIE

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $365.00 |
| Total Payments and Credits | | | | $365.00 |

| | | | | |
|---|---|---|---|---|
| 4/21/2017 | Transaction Assessment | | | $365.00 |
| 4/21/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 25451-2017-DCLK | GILLESPIE, WILLIE | ($365.00) |

## Documents

Plaintiff's Original Petition - 04.21.2017.pdf

Civil Case Information Sheet.pdf

Civil Process Request.pdf

Fedex Label-Courthouse to A&I.pdf

ISSUE CITATION

ISSUE CITATION

Victor Solano.pdf

Gillespie answer.pdf

DEFENDANT VICTOR SOLANO'S ORIGINAL ANSWER TO PLAINTIFF'S ORI

134th Trial Notice Letters

134th Trial Notice Letters

SCHEDULING ORDER

Greatwide Dallas.pdf

# Exhibit A-2

FILED
DALLAS COUNTY
4/21/2017 1:13:04 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

DC-17-04686

CAUSE NO. _____

| | | |
|---|---|---|
| Willie Gillespie, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| Greatwide Dallas Mavis, LLC, | § | |
| and Victor Solano | § | |
| | § | |
| *Defendants* | § | |
| | § | _____ JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Willie Gillespie ("Plaintiff") complaining of Victor Solano and Greatwide Dallas Mavis, LLC (collectively referred to as "Defendants") and will respectfully show the Court the following:

### I.

### DISCOVERY

1.     Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over Defendants and venue is proper in this County pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(3) because Greatwide Dallas Mavis, LLC maintains a principal office in this County.

## III.

### PARTIES

3.      Plaintiff is a resident of Mississippi.

4.      Defendant Victor Solano is a resident of Indiana and can be served through personal delivery at his principal residence located at 6884 Scotia Ct., Indianapolis, Indiana 46254 or wherever he may be found. This Court has specific personal jurisdiction over Defendant Solano because Plaintiff's claims against Solano arise out of Solano's purposeful contacts with Texas.

5.      Defendant Greatwide Dallas Mavis, LLC ("Greatwide") is a Delaware limited liability company with a principal office in Concord, North Carolina. This Defendant may be served through its registered agent C T Corporation System at 1999 Bryan Street, Suite 900 Dallas, Texas 75201. Greatwide does substantial business in the state of Texas and maintains a principal office in Dallas County, Texas. This Court has specific personal jurisdiction over Defendant Greatwide because Plaintiff's claims against Greatwide arise out of Greatwide's purposeful contacts with Texas.

## IV.

### FACTS

6.      On or about March 28, 2017, Plaintiff was entering the interstate highway I-30 heading West near Texarkana. Shortly after entering I-30, Plaintiff's vehicle was struck violently from behind by Defendant Victor Solano, who was driving Defendant Greatwide's commercial tractor trailer. After reviewing the scene of the incident, Texas police issued Defendant Victor Solano a citation for failure to control speed under Texas Transportation Code § 545.351.  As a result of the incident, Plaintiff suffered significant injuries to his neck,

back, shoulders, head and knees.  At all relevant times, Defendant Victor Solano was acting in the course and scope of his employment with Defendant Greatwide in furtherance of a mission for Defendant Greatwide's benefit.

**V.**

**CAUSES OF ACTION**

### A. *Negligence and Gross Negligence against all Defendants*

7.      Plaintiff repeats and re-alleges each allegation contained above.

8.      Plaintiff sustained injuries because of Defendants' negligence and gross negligence when, upon information and belief, Defendants:

- Failed to maintain a proper speed;

- Failed to exercise caution;

- Failed to operate the tractor trailer safely;

- Failed to keep a proper lookout;

- Failed to train their driver; and

- Other acts deemed negligent and grossly negligent.

9.      Defendants owed a duty to Plaintiff consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and the proximate case of Plaintiff's injuries. As a result, Plaintiff is entitled to recover damages against Defendants to make him whole.  Additionally, Defendant Greatwide is also liable for its own grossly negligent hiring, training, retention, entrustment, supervision, and monitoring as discussed below. These actions were done with a reckless disregard to a substantial risk of severe bodily injury and, as such, Plaintiff is entitled to exemplary damages against both Defendants.

### B. Plaintiff claims Respondeat Superior against Greatwide

10.     Plaintiff repeats and re-alleges each allegation contained above.

11.     At the time of the incident in question, and immediately prior thereto, Defendant Victor Solano was acting within the course and scope of his employment for Defendant Greatwide. Victor Solano was engaged in the furtherance of Defendant Greatwide's business and was on a mission for its benefit.

12.     At the time of the incident in question, and immediately prior thereto, Defendant Victor Solano was engaged in accomplishing a task for which he was employed.

13.     Accordingly, Plaintiff invokes the doctrine of *respondeat superior* against Defendant Greatwide.

### C. Plaintiff's claims of Agency against Greatwide

14.     Plaintiff repeats and re-alleges each allegation contained above.

15.     At and during the time of the acts and omissions complained of herein, any acts and omissions of any such agent, representative, or employee of Defendant Greatwide—specifically Defendant Victor Solano—occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Greatwide.

16.     Therefore, Defendant Greatwide is liable to Plaintiff for the acts and omissions of any such agent representative, or employee complained of herein by virtue of such agency relationship.

### D. Plaintiff's claims of Negligent Training against Greatwide

17.     Plaintiff repeats and re-alleges each and every allegation contained above.

18.     Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

4

- Failure to explain and demonstrate its safety policies and procedures to Victor Solano;

- Failure to provide the necessary training to Victor Solano regarding driving the vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicles in various situations;

- Failure to train its drivers in all aspects of driver safety;

- Failure to train its employees, including Victor Solano, regarding safe and proper operation of a vehicle such as a person and company of ordinary care would have done in the same or similar circumstance; and

- Failure to provide and require regular follow-up driver education training.

19.     Defendant Greatwide owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries.

20.     As a result of Defendant Greatwide's negligent and grossly negligent training, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injury. Further, Defendant Greatwide's actions and inactions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

**E. *Plaintiff's claims of Negligent Hiring against Greatwide***

21.     Plaintiff repeats and re-alleges each allegation contained above.

22.     Plaintiff sustained his injuries as a direct result of Defendant Greatwide's negligent and grossly negligent hiring because, upon information and belief, Defendant:

- Failed to conduct a reasonable and adequate interview of its driver as a potential employee;

- Failed to properly follow up on information not provided by its driver in the interview process;

- Failed to conduct a proper employment and background check;

5

- Failed to adequately investigate its driver's prior training, employment, criminal record, and past;

- Failed to perform the required screening, testing, and physical of its driver;

- Failed to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor trailer on interstate highways through Texas;

- Such other and further acts of negligence as may be shown in the trial of this case as discovery progresses.

23.    Defendant Greatwide owed a duty to Plaintiff consistent with the foregoing and breached each of those duties. These breaches were the cause in fact and proximate cause of Plaintiff's injuries.

24.    As a result of Defendant Greatwide's negligent and grossly negligent hiring, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries.

25.    Further, because Defendant Greatwide's actions and/or inactions were done with reckless disregard to a substantial risk of severe injury, Plaintiff is entitled to exemplary damages as well.

### F. Plaintiff's claims of Negligent Supervision, Retention, and Monitoring against Greatwide

26.    Plaintiff repeats and re-alleges each allegation contained above.

27.    Plaintiff's injuries were a direct result of Defendant Greatwide's negligent and grossly negligent supervision, retention, and monitoring because, upon information and belief, Defendant:

- Failed to monitor Mr. Solano to make sure he was complying with policies and procedures;

- Failed to implement proper policies and procedures for their employees, including Mr. Solano, regarding driver safety and vehicle safety:

6

- Failed to follow up with Mr. Solano to ensure that he read, understood, and was familiar with the company safety policies and procedures;

- Failed to adequately supervise Mr. Solano to ensure that he was keeping his vehicle properly maintained; and

- Such other acts of negligence and gross negligence as may be shown in the trial of this case as discovery progresses.

28.    Greatwide owed a duty to Plaintiff consistent with the foregoing and breached each of those duties. These breaches were the cause in fact and proximate cause of Plaintiff's injuries.

29.    As a result of Defendant Greatwide's negligent and grossly negligent supervision, retention, and monitoring, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries.

30.    Further, because Defendant Greatwide's actions and/or inactions were done with reckless disregard to a substantial risk of severe injury, Plaintiff is entitled to exemplary damages as well.

### G. Plaintiff's claim for Negligent Entrustment against Defendant Greatwide

31.    Plaintiff repeats and re-alleges each allegation contained above.

32.    Plaintiff sustained his injuries as a direct result of Defendant's negligent entrustment because, upon information and belief, Defendant:

- Provided a vehicle and/or authority to Mr. Solano, who was not properly trained, did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

33.    Greatwide owed a duty to Plaintiff consistent with the foregoing and breached each of those duties. These breaches were the cause in fact and proximate cause of Plaintiff's injuries. As such, Plaintiff is entitled to recover damages for his injury. Further, because

7

Defendant Greatwide's actions and/or inactions were done with reckless disregard to a substantial risk of severe injury, Plaintiff is entitled to exemplary damages as well.

### H. *Plaintiff's claim for Negligence Per Se against Defendant Victor Solano*

34.     Plaintiff repeats and re-alleges each allegation contained above.

35.     Plaintiff sustained his injuries as a direct result of Defendant Victor Solano's failure to control the speed of the tractor trailer in the manner of a reasonable and prudent person under those conditions having regard for actual and potential hazards. The responding officer recognized this fact, and cited Mr. Solano accordingly. Therefore, Victor Solano was negligent *per se* in violation of the Texas Transportation Code § 545.351.

36.     Defendant Victor Solano owed a duty to Plaintiff consistent with the foregoing and breached each of those duties. Defendant Victor Solano's breach of Texas Transportation Code § 545.351 were the cause in fact and proximate cause of Plaintiff's injuries. As such, Plaintiff is entitled to recover damages for his injury.

37.     Further, because Mr. Solano's actions and/or inactions were done with reckless disregard to a substantial risk of severe injury, Plaintiff is entitled to exemplary damages as well.

### I. *Plaintiff's claims for Ratification against Greatwide*

38.     Plaintiff repeats and re-alleges each allegation contained above.

39.     Defendant Greatwide is responsible for the negligence and gross negligence of Defendant Victor Solano under the theory of ratification because Defendant Greatwide:

- Retained Defendant Victor Solano after he committed the underlying tortious acts;
- Knew of Defendant Victor Solano's tortious acts;

- Recognized that Defendant Victor Solano will likely continue to be negligent if he is retained;

- Recognized that Defendant Victor Solano will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent Defendant Victor Solano from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate Defendant Victor Solano's negligent and grossly negligent conduct after Defendant Greatwide gained knowledge of the conduct.

40.     As a result of Defendant Victor Solano's negligent and grossly negligent conduct, which Defendant Greatwide ratified, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injury. Defendant Victor Solano's actions were done with a reckless disregard to a substantial risk of severe bodily injury—and Defendant Greatwide ratified Defendant Victor Solano's grossly negligent conduct. As such, Plaintiff is entitled to recover exemplary damages from both Defendant Victor Solano and Defendant Greatwide.

## VI.

### JURY TRIAL

41.     Plaintiff hereby requests a trial by jury on all claims and submits his jury fee herewith.

## VII.

### PRAYER

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiff show himself justly entitled. As required by

Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks

damages in excess of $1,000,000 and prays for relief and judgment, as follows:

- Compensatory damages against Defendants;

- Actual damages;

- Consequential damages;

- Pain and suffering;

- Exemplary damages;

- Past and future mental anguish;

- Past and future impairment;

- Disfigurement;

- Past and future disfigurement;

- Interest on damages (pre- and post-judgment) in accordance with law;

- Plaintiff's reasonable attorneys' fees;

- Costs of court;

- Expert witness fees;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

_____

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj D. Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland T. Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Alison Baimbridge
SBN: 24040160
abaimbridge@arnolditkin.com
6009 Memorial Drive
Houston, Texas  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

# CIVIL CASE INFORMATION SHEET

DC-17-04686

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED  Willie Gillespie vs. Victor Solano and Greatwide Dallas Mavis, LLC
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:  Kurt B. Arnold   Email:  karnold@arnoldditkin.com | Plaintiff(s)/Petitioner(s):  Willie Gillespie | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:  6009 Memorial Dr.   Telephone:  713.222.3800 | _____ | Additional Parties in Child Support Case: |
| City/State/Zip:  Houston, Tx. 77007   Fax:  713.222.3850 | Defendant(s)/Respondent(s):  Victor Solano and  Greatwide Dallas Mavis, LLC | Custodial Parent:  _____<br>Non-Custodial Parent: _____ |
| Signature:  /s/ Kurt B. Arnold   State Bar No:  24036150 | [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional<br>    Liability:<br>    _____<br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>    List Product:<br>    _____<br>☐ Other Injury or Damage:<br>    _____ | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>  _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | **Related to Criminal Matters** | | **Title IV-D** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: _____ | **Other Family Law**<br>☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: _____ | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | | | **Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>  _____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ |

| **Tax** | *Probate & Mental Health* | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

# Exhibit A-3

DC-17-04686

# CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition

**FILE DATE OF MOTION:** 04/21/2017 _____

Month/      Day/      Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:** Victor Solano

   **ADDRESS:** 6884 Scotia Ct., Indianapolis, Indiana 46254

   **AGENT,** (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

**SERVICE BY** (check one):
- ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- ☐ MAIL                                ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
     Type of Publication:    ☐ COURTHOUSE DOOR, or
                             ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☒ OTHER, explain Please return with the FedEx Label provided: 6009 Memorial Drive, Houston, Texas 77007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. **NAME:** Greatwide Dallas Mavis, LLC

   **ADDRESS:** 1999 Bryan St., Ste. 900, Dallas, Texas 75201

   **AGENT,** (if applicable): CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

**SERVICE BY** (check one):
- ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- ☐ MAIL                                ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
     Type of Publication:    ☐ COURTHOUSE DOOR, or
                             ☐ NEWSPAPER OF YOUR CHOICE:
- ☒ OTHER, explain Please return with the FedEx Label provided: 6009 Memorial Drive, Houston, Texas 77007

## ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

**NAME:** Kurt B. Arnold                **TEXAS BAR NO./ID NO.** 24036150

**MAILING ADDRESS:** 6009 Memorial Drive, Houston, Texas 77007

**PHONE NUMBER:** 713 _____ 222-3800 _____        **FAX NUMBER:** 713 _____ 222-3850 _____
                  area code   phone number                          area code   fax number

**EMAIL ADDRESS:** e-service@arnolditkin.com

CIVC108 Revised 9/3/09

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO: _____
                        (specify)
    MOTION TO: _____
                         (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/2/99

# Exhibit A-4

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

GREATWIDE DALLAS MAVIS, LLC.
MAY BE SERVED THROUGH ITS REGISTERED AGENT C T CORPORATION
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **WILLIE GILLESPIE**

Filed in said Court **21st day of April, 2017** against

**GREATWIDE DALLAS MAVIS, LLC. AND VICTOR SOLANO**

For Suit, said suit being numbered **DC-17-04686,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _____, Deputy
        KERRY KALLIE

---

**MAIL ATTY**

CITATION

DC-17-04686

**WILLIE GILLESPIE
vs.
VICTOR SOLANO, et al**

ISSUED THIS
**25th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KERRY KALLIE, Deputy

**Attorney for Plaintiff**
KURT B. ARNOLD
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX 77007
713-222-3800

DALLAS COUNTY CONSTABLE
FEES
PAID
FEES NOT
PAID

# OFFICER'S RETURN

Case No. : DC-17-04686

Court No.134th District Court

Style: WILLIE GILLESPIE

vs.

VICTOR SOLANO, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M. Executed at _____,

within the County of _____ at _____o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# Exhibit A-5

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
    **VICTOR SOLANO**
    **6884 SCOTIA COURT**
    **INDIANAPOLIS IN   46254**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **134th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **WILLIE GILLESPIE**

Filed in said Court  **21st day of April, 2017** against

**GREATWIDE DALLAS MAVIS, LLC. AND VICTOR SOLANO**

For Suit, said suit being numbered <u>**DC-17-04686,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

    By _Kerry Kallie_ , Deputy
        KERRY KALLIE



---

**MAIL ATTY**

**CITATION**

---

DC-17-04686

---

**WILLIE GILLESPIE**
**vs.**
**VICTOR SOLANO, et al**

**ISSUED THIS**
**25th day of April, 2017**

FELICIA PITRE
Clerk of District Courts,
Dallas County, Texas

By:  KERRY KALLIE, Deputy

**Attorney for Plaintiff**
KURT B. ARNOLD
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX  77007
713-222-3800

---

DALLAS COUNTY CONSTABLE
FEES
PAID        FEES NOT
PAID

# OFFICER'S RETURN

Case No. : DC-17-04686

Court No.134th District Court

Style: WILLIE GILLESPIE

vs.

VICTOR SOLANO, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# Exhibit A-6

FILED
DALLAS COUNTY
6/6/2017 8:46:06 AM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

CAUSE NO. DC-17-04686

| | | | |
|---|---|---|---|
| Willie Gillespie | | § | IN THE COURT OF |
| | | § | |
| | Plaintiff, | § | |
| VS. | | § | DALLAS COUNTY, TEXAS |
| | | § | |
| Victor Solano | | § | |
| | Defendant. | § | DISTRICT |

## AFFIDAVIT OF SERVICE

On this day personally appeared Brian Pickett who, being by me duly sworn, deposed and said:

"The following came to hand on May 22, 2017, 12:24 pm,

PLAINTIFF'S ORIGINAL PETITION; PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION, REQUEST FOR ADMISSIONS, AND REQUESTS FOR DISCLOSURES TO BOTH DEFENDANTS; CITATION: DEFENDANT VICTOR SOLANO, BY PERSONAL DELIVERY AT HIS PRINCIPAL RESIDENCE LOCATED AT 6884 SCOTIA CT., INDIANAPOLIS, INDIANA 46254,

and was executed at 6884 Scotia Ct, Indianapolis, IN 46254 within the county of Marion at 01:15 PM on Mon, May 22 2017, by delivering a true copy to the within named

VICTOR SOLANO

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Brian Pickett

BEFORE ME, a Notary Public, on this day personally appeared Brian Pickett, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON 5/25/17

Notary Public, State of Indiana

CHRISTINA M. GREGORY
Notary Public, State of Indiana
Marion County
Commission # 680340
My Commission Expires
March 19, 2024

Exhibit A-7

FILED
DALLAS COUNTY
6/12/2017 9:06:38 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-04686

| | | |
|---|---|---|
| WILLIE GILLESPIE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| GREATWIDE DALLAS MAVIS, LLC, | § | |
| and VICTOR SOLANO, | § | |
| | § | |
| *Defendants.* | § | 134TH JUDICIAL DISTRICT |

## DEFENDANT GREATWIDE DALLAS MAVIS, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Greatwide Dallas Mavis, LLC ("Defendant"), a Defendant in the above-styled and numbered cause, and files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court the following:

### I.    GENERAL DENIAL

1.      Defendant denies each and every, all and singular, the allegations asserted by Plaintiff and demands strict proof thereof, reserving Defendant's right to assert any additional defenses or claims which may be available to it.

**WHEREFORE, PREMISES CONSIDERED**, Defendant requests that upon final hearing, the Court enter an order that Plaintiff take nothing by way of his claims, that Defendant recover its attorney's fees and costs, and such other and further relief both at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:     */s/ Lindsay G. Gorbach*
         David L. Sargent
         Texas Bar No. 17648700
         Lindsay G. Gorbach
         Texas Bar No. 24059839

         1717 Main Street, Suite 4750
         (214) 749-6513
         (214) 749-6313 (*facsimile*)
         david.sargent@sargentlawtx.com
         Lindsay.gorbach@sargentlawtx.com

**ATTORNEYS FOR DEFENDANT GREATWIDE
DALLAS MAVIS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following counsel of record *via electronic transmission,* on June 12, 2017:

Kurt B. Arnold
Caj D. Boatright
Roland T. Christensen
Alison Baimbridge
Arnold & Itkin LLP
6009 Memorial Drive
Houston, Texas 77007

                    */s/ Lindsay G. Gorbach*
                    Lindsay G. Gorbach

Exhibit A-8

FILED
DALLAS COUNTY
6/12/2017 3:53:41 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-04686

| | | |
|---|---|---|
| WILLIE GILLESPIE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| GREATWIDE DALLAS MAVIS, LLC, | § | |
| and VICTOR SOLANO, | § | |
| | § | |
| *Defendants.* | § | 134TH JUDICIAL DISTRICT |

## DEFENDANT VICTOR SOLANO'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Victor Solano ("Defendant"), a Defendant in the above-styled and numbered cause, and files his Original Answer to Plaintiff's Original Petition, and would respectfully show the Court the following:

### I.    GENERAL DENIAL

1.    Defendant denies each and every, all and singular, the allegations asserted by Plaintiff and demands strict proof thereof, reserving Defendant's right to assert any additional defenses or claims which may be available to him.

**WHEREFORE, PREMISES CONSIDERED**, Defendant requests that upon final hearing, the Court enter an order that Plaintiff take nothing by way of his claims, that Defendant recover his attorney's fees and costs, and such other and further relief both at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:     */s/ Lindsay G. Gorbach*
        David L. Sargent
        Texas Bar No. 17648700
        Lindsay G. Gorbach
        Texas Bar No. 24059839

        1717 Main Street, Suite 4750
        (214) 749-6513
        (214) 749-6313 (*facsimile*)
        david.sargent@sargentlawtx.com
        Lindsay.gorbach@sargentlawtx.com

**ATTORNEYS FOR DEFENDANTS GREATWIDE
DALLAS MAVIS, LLC AND VICTOR SOLANO**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following counsel of record *via electronic transmission,* on June 12, 2017:

Kurt B. Arnold
Caj D. Boatright
Roland T. Christensen
Alison Baimbridge
Arnold & Itkin LLP
6009 Memorial Drive
Houston, Texas 77007


        */s/ Lindsay G. Gorbach*
        Lindsay G. Gorbach

# Exhibit A-9

CAUSE No. <u>DC-17-04686</u>

| WILLIE GILLESPIE | IN THE DISTRICT COURT |
|---|---|
| vs. | 134TH JUDICIAL DISTRICT |
| VICTOR SOLANO, et al | DALLAS COUNTY, TEXAS |

## UNIFORM SCHEDULING ORDER

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.      This case will be ready and is set for **JURY TRIAL - CIVIL** on **MARCH 26, 2018** at **9:00 AM** ("this Trial Setting"). Reset or continuance of this Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order. **If not reached as set, the case will be carried to the next week.**

2.      Unless otherwise ordered, discovery in this case will be controlled by Rule 190.3 (**LEVEL 2**) of the Texas Rules of Civil Procedure. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

3.      Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of the discovery period, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of the discovery period) must be filed no later than seven (7) days after the close of the discovery period or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.      Any amended pleadings asserting new causes of action or affirmative defenses must be filed no later than thirty (30) days before the end of the discovery period and any other amended pleadings must be filed no later than seven (7) days after the end of the discovery period. Amended pleadings responsive to timely filed pleadings under this Order may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except with leave of court, TRCP 166a motions must be heard no later than thirty (30) days before trial.

5.      No additional parties may be joined more than five (5) months after the commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.      If mediation or other alternative dispute resolution, is agreed to by the parties, then it will be conducted in accordance with the Texas Rules of Civil Procedure; the Texas Government Code and the standing Dallas County Civil District Court order regarding mediation, which is available from the Dallas County ADR Coordinator.

Mediation must be conducted thirty (30) days prior to the first trial setting in this case.

The parties decision to mediate before the first trial setting in this case will not be a basis for a continuance of any trial setting.

7.     Fourteen (14) days before this Trial Setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned.  Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation.  Rule 193.7 applies to this designation.  On or before ten (10) days before this Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters.  By 4:00 p.m. on the Thursday before this Trial Setting, the parties shall file with the Court the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine.  Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

8.     All Daubert challenges, all witness challenges, and all dispositive motions, including Motions for Summary Judgment, shall be set and heard at least 30 days prior to this trial setting or they are waived.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

SIGNED on  6/13/2017 .

DALE TILLERY, Presiding Judge

pc:     LINDSAY E. GORBACH; KURT B. ARNOLD

ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:
**http://courts.dallascounty.org/default.aspx**

# Exhibit A-10

FILED
DALLAS COUNTY
6/15/2017 11:41:23 AM
FELICIA PITRE
DISTRICT CLERK

## AFFIDAVIT OF SERVICE

Dianne Coffey

State of Texas          County of Dallas          134th District Court

Case Number: DC-17-04686

Plaintiff:
**WILLIE GILLESPIE**

vs.

Defendant:
**GREATWIDE DALLAS MAVIS, LLC, and VICTOR SOLANO**

Received by Christin Leigh Martin on the 22nd day of May, 2017 at 8:00 am to be served on GREATWIDE DALLAS MAVIS, LLC, by delivering to its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201.

I, Christin Leigh Martin, being duly sworn, depose and say that on the 22nd day of May, 2017 at 11:07 am, I:

delivered a true and correct copy of this **CITATION, with attached PLAINTIFF'S ORIGINAL PETITION and PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION, REQUEST FOR ADMISSIONS AND REQUEST FOR DISCLOSURES TO DEFENDANT,** after endorsing the date of delivery thereon, to **GREATWIDE DALLAS MAVIS, LLC,** by delivering to its Registered Agent, **CT Corporation System.** Placed before **Laura Perez,** Authorized Agent of CT Corporation System, in person, at: **1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201** .

I am over the age of 18 years, and I have never been convicted of a felony or a crime of moral turpitude. I am not party to or interested in the outcome of this case, and I am authorized by the Supreme Court of Texas to deliver citations and other notices pursuant to TRCP 103, 106, 107, and 536a. I am of sound mind and competent to make this oath. I swear that the facts contained in this Affidavit are true and correct and are within my personal knowledge.



MAI LE
Notary ID # 128873183
My Commission Expires
January 30, 2020

State of Texas, County of _TARRANT_

Subscribed and Sworn to before me on this _25th_
day of _MAY_ , _2017_ , by the
affiant who is personally known to me.

_____
NOTARY PUBLIC

Christin Leigh Martin
SCH-11713, Exp. 11/30/2018

Wyatt Process Service, LLC
109 S. Harris Street
Suite 125A
Round Rock, TX 78664
(512) 501-4391

Our Job Serial Number: WYT-2017000361
Ref: 218418

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1o

Exhibit A-11



**JUDGE DALE TILLERY PRESIDING**
134TH JUDICIAL DISTRICT COURT
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
214/653-7546 -- 134th Ct. Clerk
214/653-6995 -- Ct. Coordinator
fly@dallascourts.org

June 13, 2017

LINDSAY E. GORBACH
1717 MAIN STREET
SUITE 4750
DALLAS TX 75201

    Re:   WILLIE GILLESPIE vs. VICTOR SOLANO, et al
            DC-17-04686

All Counsel of Record/Pro Se Litigants:

PLEASE TAKE NOTE of the following settings:

    **JURY TRIAL - CIVIL:**   03/26/2018 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready. If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

Sincerely,

DALE TILLERY,
Presiding Judge

DBT/fll
pc: LINDSAY E. GORBACH; KURT B. ARNOLD

ALL PARTIES MUST BE COPIED ON ALL WRITTEN COMMUNICATION TO THE COURT.